I respectfully dissent from the majority in its analysis and disposition of appellants' first assignment of error.
At issue in the case sub judice is the duty to maintain and repair an easement, located on appellee's property, that abuts the southern portion of appellants' property and runs easterly to Wales Avenue. In addition to appellants' property, the easement abuts the property of several non-party real property owners. The driveways of several of the non-party real property owners flow into the easement.
The trial court, in its March 8, 2001, Judgment Entry, held that appellants had a duty to make "whatever repairs are necessary for their use of the easement." A review of the maps in this matter reveals that appellants use the entire length of the easement to access Wales Road. The trial court's order is unclear as to whether appellants have a duty to maintain and repair the entire length of the easement or only a portion of the easement. If they have a duty to maintain and repair the entire easement, it is unclear whether appellants' duty is proportionate to their use of the easement in relation to that of the non-party property owners who also use the same, or whether appellants have the sole duty to maintain and repair the easement. In short, it is unclear whether the non-party property owners, whose property abuts the easement, also have a duty to maintain and repair the easement.
For the above reasons, I would reverse with respect to the first assignment of error, and remand this matter to the trial court for clarification of its order.
I concur with the majority as to its analysis and disposition of the second assignment of error.